# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY GREENE,  )  | 1:09-cv-1022 AWI GSA |
| ) | |
| ) | FINDINGS AND RECOMMENDATION |
| Plaintiff,  ) | REGARDING DISMISSAL OF |
| ) | COMPLAINT |
| v.  ) | |
| ) | |
| GEORGE SKIBINE, et al.,  ) | |
| ) | |
| ) | |
| Defendants.  ) | |
| _____) | |

## BACKGROUND

On June 11, 2009, Plaintiff Charles Anthony Greene ("Plaintiff") filed a complaint entitled, "Judicial Review of a Final Administrative Decision and Decision Reversal from the United States District Court." Plaintiff names the following Defendants: "Assistant Secretary-Indian Affairs (BIA) George Skibine, or Acting Assistant Secretary Office of Public Affairs; The Acting Director of the United States Department of Interior, Bureau of Indian Affairs, Eastern Oklahoma Regional Office; Paul Yates, Acting Field Representative, Department of Interior, Bureau of Indian Affairs, Talihina Agency; and Brenda Hampton, Director of Tribal Membership - Choctaw Nation of Oklahoma (collectively "Defendants").

Plaintiff, is seeking judicial review of a final administrative decision dated April 23, 2009, from the United States Department of the Interior, Bureau of Indian Affairs ("BIA"), based on the Administrative Procedures Act ("APA"). See, Ex. A-1; 5 U.S.C. §§ 701- 706. Plaintiff is

1

an African American male who alleges that he is a true descendant of a legal tribal member of the Choctaw Nation of Oklahoma. He alleges that he was denied membership in the tribe because he could not connect back to a direct ancestor enrolled by blood. Plaintiff has attempted to become a recognized tribe member since at least 1999. He asserts that the failure to be recognized as a tribe member is discriminatory and is a violation 42 U.S.C. § 1981. Complaint at pg. 5. He also alleges a violation of 42 U.S.C § 1983, specifically, a violation of due process under the Fifth Amendment. Id.

Plaintiff requests that the Court reverse the April 2009 decision issued by the Bureau of Indian Affairs and order the BIA to recognize him as a decedent of the Five Civilized Tribes. Complaint at pg. 32. Similarly, Plaintiff requests that he be recognized by the federal government as an Indian Freeman descent and that a Certificate of Degree of Indian Blood ("CDIB") card be issued to that effect. Id. Finally, Plaintiff also requests reimbursement of $350.00 if this action is successful. Complaint at pg. 34.

Plaintiff's Prior Dismissed Actions

Plaintiff has filed four similar actions in this Court. In 2000, Plaintiff filed an action entitled *Charles Anthony Greene v. Choctaw Nation of Oklahoma,* Case No. CV F 00-6141 REC SMS. The Court dismissed the action on the grounds that it failed to state a claim upon which relief could be granted.

In 2001, Plaintiff filed an action entitled *Charles Anthony Greene v. Assistant Secretary-Indian Affairs (BIA) Neal McCaleb, et al.,* Case No. CV F 01-6325 AWI LJO. In that case, Plaintiff appeared to allege he was denied membership to the Choctaw Nation of Oklahoma although he claimed membership through a tribal ancestor. On August 23, 2002, the Court dismissed the case without prejudice on the grounds that Plaintiff failed to state a claim and cure pleading deficiencies.

In 2002, Plaintiff filed another action entitled *Charles Anthony Greene v. Assistant Secretary-Indian Affairs (BIA) Neal McCaleb, et al.,* Case No. CV F02-6157 REC LJO. Again, Plaintiff alleged that he was denied membership in the Choctaw Nation of Oklahoma and requested injunctive relief. On October 1, 2002, the Court dismissed the case on the grounds that

Plaintiff failed to state a claim, failed to cure pleading deficiencies, and that there was no waiver of sovereign immunity. On June 15, 2003, the Ninth Circuit Court of Appeals affirmed the district court's decision.

In 2005, Plaintiff filed a fourth action entitled *Charles Anthony Greene v. McCaleb et al.*, Case No. 1:05-cv-555 OWW DLB. In this action, Plaintiff contended that he was denied membership in the Choctaw Nation of Oklahoma because he could not connect to direct ancestor by blood. He disagreed with this interpretation and alleged that defendants deprived him of his right to be registered with the Bureau of Indian Affairs and conspired against him to deprive him of his civil rights. This complaint was dismissed for failure to state a claim upon which relief can be granted and that there was no waiver of sovereign immunity.

This action is Plaintiff's fifth attempt to pursue his claims.

## DISCUSSION

A.  Screening Standard

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). Such dismissal may be made without notice where the claimant cannot possibly win relief." Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987); see Wong v. Bell, 642 F.2d 359, 361-362 (9th Cir. 1981).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); See also, Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." Scheurer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997).

As a preliminary matter, the Court first notes that Plaintiff is proceeding pro se and as such, the court construes his pleadings liberally and holds him to a less stringent standard that

formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972); Balisteri v. Pacifica Police Department, 901 F. 2d 696, 699 (9th Cir. 1990) (pro se pleadings are liberally construed particularly where civil rights claims are involved).  However, pro se litigants must follow the same rules of procedure that govern other litigants.  King v. Atiyeh, 814 F. 2d 565, 567 (9th Cir. 1987).

      F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief.  A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Rede v. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.  Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory.  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

    B.    <u>Discussion</u>

    1.    *Federal Rule of Civil Procedure 8*

Plaintiff's complaint, like his previous complaints, fails to comply with Rule 8.  It does not provide fair notice of claims against Defendants or demonstrate that Plaintiff is entitled to relief.  Although Plaintiff has provided the Court with a history of tribe membership, as well as numerous supporting exhibits, his complaint is confusing, disjointed and rambling.   The pleading does not provide the Court with sufficient information to determine the validity of Plaintiff's claims.  Instead of presenting a short and plain statement of his claims, Plaintiff appears to chronicle his repeated attempts to obtain a CDIB card and his attempts to be

1 recognized as a tribe member. He presents what he characterizes as a history of discrimination by
2 Defendants, but provides little to support his case including his due process claims or his claims
3 under 42 U.S.C. §§ 1981 and 1983.  Additionally, while Plaintiffs asserts that he brings this
4 action pursuant to the Administrative Procedures Act, he has not articulated a claim that falls
5 under this provision as his pleading is vague and conclusory.

6   Plaintiff has been informed of the Rule 8 pleading standard in every case he has
7 previously filed.  Plaintiff, however, has not cured the deficiency.  Although the BIA issued a
8 letter dated April 23, 2009, in response to an appeal Plaintiff filed on May 3, 2004, Plaintiff's
9 pleading is based on a very similar theory that has been repeatedly rejected by the this Court and
10 affirmed by the Ninth Circuit.  Similar to the previously filed actions, this complaint is rambling,
11 confusing and does not articulate a viable legal theory in support or Plaintiff's claims.

12   2.   *Sovereign Immunity*

13   As a preliminary matter, Plaintiff asserts that he would like the Court to reverse the BIA's
14 decision and require that a CDIB card be issued by the federal government. Complaint at pg. 32.[1]
15 It appears that Plaintiff is under the mistaken assumption that this card is proof of tribal
16 membership.  Plaintiff is advised that Indian tribes retain their inherent power to determine tribal
17 membership. Montana v. United States, 450 U.S. 544, 564 (1981).  Federal courts lack authority
18 to compel a tribe to enroll applicants for tribal membership. Ordinance 59 Ass'n v. U.S.
19 Department of Interior Secretary, 163 F. 3d 1150, 1159  (10th Cir. 1998) (Court of Appeals
20 lacked subject matter jurisdiction to order Secretary of the Interior to compel tribe to enroll
21 applicants for tribal membership, inasmuch as tribe, not the federal government, retained
22 authority to determine tribal membership).  Furthermore, Indian tribes retain sovereign immunity
23 from suit absent either an explicit waiver of immunity or express authorization of the suit by
24 Congress. Santa Clara Pueblo v. Martinez, 436 U.S. 49 (1978).

25   Additionally, insofar as Plaintiff failed to assert a claim under the APA, he has failed to

---

[1] Although Plaintiff alleges he is only contesting the decision of the BIA, he has named Brenda Hampton, Director of Tribal Membership of the Choctaw Nation as a defendant.  Although it is not entirely clear from the complaint, Ms. Hampton appears to be a representative of the tribe rather than the federal government.

1    establish that the federal defendants are not immune from this suit.  The U.S. Supreme Court has
2    observed: "It is axiomatic that the United States may not be sued without its consent and that the
3    existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206,
4    212 (1983); FDIC v. Meyer, 510 U.S. 471, 475 (1994) (Absent a waiver, sovereign immunity
5    shields the federal government and its agencies from suit).  Moreover, Congress may impose
6    conditions on the government's waiver of immunity. Nero v. Cherokee Nation of Oklahoma,
7    892 F.2d 1457, 1463 (10th Cir. 1989); see, e.g., Stubbs v. United States, 620 F.2d 775, 779 (10th
8    Cir. 1980).  In Nero, the Tenth Circuit held that federal officials were not subject to claims of
9    descendants of slaves owned by the Cherokee Indian Nation and freed by treaty based on the
10   official's failure to intervene in tribal proceedings.  As noted in all of the other actions filed by
11   Plaintiff, the complaint demonstrates no grounds to circumvent sovereign immunity as to the
12   federal defendants.

13                                              RECOMMENDATION
14        The Court recommends that Plaintiff's complaint be DISMISSED WITHOUT
15   PREJUDICE on the grounds that it fails to state a claim upon which relief may be granted.
16        These Findings and Recommendation are submitted to the Honorable Anthony W. Ishii.
17   pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being
18   served with these Findings and Recommendation, Plaintiff may file written objections with the
19   Court.  Such document should be captioned "Objections to Magistrate Judge's Findings and
20   Recommendations."  Plaintiff is advised that failure to file objections within the specified
21   time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153
22   (9th Cir. 1991).

26        IT IS SO ORDERED.
27        **Dated:   July 23, 2009**              /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE
28